IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

**HUNTINGTON DIVISION**

CHARLES P. COCHRAN, JR.,
an individual,

                Plaintiff,

v.                                 CIVIL ACTION NO.   3:13-10176

WEST VIRGINIA REGIONAL JAIL AND
CORRECTIONAL FACILITY AUTHORITY,
an agency of the State of West Virginia and
CORRECTIONAL OFFICER NEAL,
individually and in his official capacity as a
correctional officer at Western Regional Jail,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant Correctional Officer Neal's Motion for Summary Judgment, ECF

No. 55. For the reasons explained below, this Motion is **DENIED**.

**I.      Background**

Plaintiff brought the instant action in this Court on May 3, 2013, against West Virginia

Regional Jail and Correctional Facility Authority ("WVRJCFA"), Correctional Officer

Neal—both in his individual and in his official capacity—, and Does 1 through 25. Compl., ECF

No. 1. All Doe Defendants were dismissed through this Court's February 6, 2014, Order. ECF No.

50. In his Complaint, Plaintiff alleges that, around midnight on May 6, 2012, Defendant Neal, an

employee of WVRJCFA at Western Regional Jail, entered Plaintiff's cell and repeatedly elbowed

him on his left side until Plaintiff blacked out. Compl. ¶¶ 3, 10, 12. Plaintiff further alleges that he

awoke coughing up blood, was taken to a nurse at the jail, and ultimately was transferred to an

outside hospital, where he was diagnosed with a ruptured spleen and a splenectomy was performed. *See id.* ¶¶ 14-16, 18, 26. Plaintiff alleges that he had no pod-mate that night and that the only witnesses were two other unnamed correctional officers. *Id.* ¶¶ 11, 13. Based upon these factual allegations, Plaintiff asserts claims against Defendants Neal and WVRJCFA under outrage and reckless infliction of emotional distress, battery, negligence, and 42 U.S.C. § 1983. *Id.* at 7-9, 12. Additionally, Plaintiff asserts a premises liability claim against Defendant WVRJCFA. *Id.* at 11.

On April 21, 2014, Defendant Neal filed the instant Motion for Summary Judgment. Plaintiff filed a timely Response, ECF No. 60, and Defendant Neal filed a timely Reply, ECF No. 61. This Motion is now ripe for resolution.

## II.     Standard for Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A court reviewing a motion for summary judgment is not to weigh the evidence, to count how many affidavits favor the plaintiff and how many oppose him, or to disregard stories that seem hard to believe." *Littleton v. Swonger*, 502 F. App'x 271, 273 (4th Cir. 2012) (internal quotation marks omitted). "[S]uch credibility determinations are within the province of the jury." *Williams v. Collier*, 357 F. App'x 532, 534 (4th Cir. 2009) (citing *Anderson*, 477 U.S. at 255). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to

the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Summary judgment is appropriate, however, when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his position; he "may not rest upon the mere allegations or denials of his pleadings." *Anderson*, 477 U.S. at 252; *Manning v. U.S. Dep't of Justice*, 104 F. App'x 907, 908-09 (4th Cir. 2004). Rather, he must present evidence supporting his position by citing to "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials [in the record]." Fed. R. Civ. P. 56(c)(1)(A); *see also Manning*, 104 F. App'x at 909. "[T]he issue of material fact required by Rule 56(c) to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 248-49.

Summary judgment is also appropriate when the inquiry involves a pure question of law. *Taft v. Vines*, 70 F.3d 304, 316 (4th Cir. 1995), *vacated en banc on different grounds*, 83 F.3d 681 (4th Cir. 1996).

-3-

### III.    Analysis

**A.    Substantial Evidence of Defendant Neal's Absence from the Jail on May 6 to May 7, 2012**

In the instant Motion, Defendant Neal argues that summary judgment in his favor for all claims alleged against him is appropriate because he presents substantial evidence that he was not on duty or present at the Western Regional Jail around midnight on May 6 to May 7, 2012,—the time at which Plaintiff alleges that he was battered by Defendant Neal—and 2) Plaintiff's evidence is insufficient to raise a genuine issue of material fact because it is "self-serving." Thus, no battery by Defendant Neal could have occurred and none of the claims can be sustained against him.

In support of his Motion, Defendant Neal attaches nine exhibits, including portions of the deposition of Plaintiff, the deposition of Plaintiff's pod-mate, and the deposition of another correctional officer; the affidavit of Defendant Neal; two daily shift logs of the WVRJCFA; a hospital record; duty rosters for the Western Regional Jail; and a portion of Plaintiff's answers to Defendant Neal's interrogatories. *See* ECF Nos. 55-1 to -9. According to Plaintiff's pod-mate, 1) Plaintiff and he were in their cell together during the time at which Plaintiff claims to have been assaulted by Defendant Neal and 2) no one else entered the cell or battered Plaintiff. *See* Def. Neal's Ex. C, ECF No. 55-3. According to the daily shift logs, the jail was on lockdown during this time, so all inmates should have been in their cells. *See* Def. Neal's Ex. B, ECF No. 55-2, & Ex. C. According to duty rosters for the jail, Defendant Neal was on duty for the midnight shift on May 5, 2012, and for the midnight shift of May 8, 2012; he was not, however, on duty for the midnight shift on May 6, 2012, the night of the alleged battery. *See* Def. Neal's Ex. H, ECF No. 55-8. According to one of Plaintiff's interrogatory answers and according to Plaintiff's deposition, Defendant Neal has a tattoo of a scorpion on his left forearm and a tattoo of barbed wire around his

right bicep; however, according to Defendant Neal's affidavit, he has no tattoos. *See* Def. Neal's Ex. A, ECF No. 55-1, & Def. Neal's Ex. I, ECF No. 55-9.

Plaintiff counters that there is a genuine issue of material fact—whether Defendant Neal was present at the jail at the time in question and whether he committed the battery—, as shown by the evidence of the battery in two exhibits: Plaintiff's answer to an interrogatory and a portion from a report of Plaintiff's expert recounting the battery as told to him by Plaintiff.[1] *See* ECF Nos. 60-1 & -2. The interrogatory answer states that, "around shift change and count," three correctional officers entered Plaintiff's cell and Defendant Neal and Correctional Officer Berlin—not a party to this case—beat Plaintiff on his left side. *See* Pl.'s Ex. A at 1, ECF No. 60-1. The more detailed account of the battery in Plaintiff's expert report is consistent with this answer.[2] *See* Pl.'s Ex. B at 5, ECF No. 60-2.

Defendant Neal argues that this Court must find in his favor because Plaintiff's evidence is "self-serving," citing to *Chafin v. State Farm Fire and Casualty Company*, No. CIV.A. 2:03-0153, 2003 WL 23571723, at * 2 (S.D. W. Va. Nov. 20, 2003) ("Self-serving statements are not enough to defeat a motion for summary judgment." (citing *Anderson,* 477 U.S. at 249; *National Enterprises, Inc. v. Barnes*, 201 F.3d 331, 335 (4th Cir. 2000); *White v. Boyle*, 538 F.2d 1077, 1080

---

[1] Defendant does not question the adequacy of this evidence for the purposes of this summary judgment motion. *See also Celotex*, 477 U.S. at 324 ("[T]he nonmoving party [need not] produce evidence in a form that would be admissible at trial in order to avoid summary judgment. Obviously, Rule 56 does not require the nonmoving party to depose her own witnesses. Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves, and it is from this list that one would normally expect the nonmoving party to make the showing to which we have referred."); *Bouriez v. Carnegie Mellon Univ.*, No. CIV.A. 02-2104, 2005 WL 2106582, at *2 (W.D. Pa. Aug. 26, 2005) ("Although evidence may be considered in a form which is inadmissible at trial, the content of the evidence must be capable of admission at trial.").
[2] Defendant Neal argues that the expert report cannot support Plaintiff's assertion that he was beaten by Defendant Neal because the expert ultimately concludes that "there is not yet enough evidence to prove who actually assaulted" Plaintiff. *See* Pl.'s Ex. B. However, the expert's opinion about the provability of Plaintiff's story does not undermine the facts alleged for the purpose of this Motion for Summary Judgment. Plaintiff only proffers the report for its retelling of Plaintiff's story, not for any expert opinions contained therein, and the evidence used by the Court is that which would ultimately be admissible at trial in another form—Plaintiff's testimony. The Court will not substitute the expert's judgment regarding the provability of Plaintiff's claims for a jury's later judgment on that point.

(4th Cir. 1976))). This Court does not find the support that Defendant Neal seeks from this single line in *Chafin* and those cases which *Chafin* cites for the proposition that *all* "self-serving" statements are insufficient to defeat a motion for summary judgment. In each of these cases, the primary issue with the plaintiff's responsive evidence to the defendant's motion for summary judgment is that the plaintiff merely restated the allegations from his/her complaint in affidavit form, instead of offering specific evidence, such as documentation, supporting those allegations where such evidence should have been available. *See Anderson*, 477 U.S. at 249-50 ("[I]n the face of the defendant's properly supported motion for summary judgment, the plaintiff could not rest on his allegations of a conspiracy to get to a jury . . . . [T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." (citations omitted)); *Barnes*, 201 F.3d at 335 ("The appellants are unable to produce any evidence indicating that the repurchase agreements in question create the obligations that they claim . . . [because they] have not produced the repurchase agreements in question. [A] self-serving affidavit describing the content of the repurchase agreements is not enough to defeat [a] motion for summary judgment."); *White*, 538 F.2d at 1079-80 ("At this point in the development of the pleadings, White was under the duty to present to the court some facts which would put into dispute the motivation behind the IRS action. Instead, he chose to file similarly conclusory counter-affidavits which reiterated his view that the IRS's activities were patently recriminatory. Nothing factual was offered to support his assertion of illicit motive on the part of federal officers."); *Chafin*, 2003 WL 23571723, at * 2 ("To summarize, Chafin has produced no evidence beyond her self-serving affidavit that she fulfilled her duties under the insurance policy

to provide sufficient information required by State Farm to enable it to pay the claim before March 2002. . . . Although Chafin's affidavit is "specific" in the sense of giving specific dates and names, it fails to set forth "specific facts" because there is no evidence supporting the truth, that is the factual nature, of her claims. They remain no more than unsupported allegations."). This case is not one in which such extrinsic documentation is likely to exist.

Further, Defendant Neal's argument that summary judgment is appropriate because his evidence is patently strongest and Plaintiff's evidence is weaker and merely "self-serving" reveals a misunderstanding regarding the nature of the Court's role in summary judgment. Credibility judgments and the weighing of the evidence are for the jury to perform, not the Court. The evidence presented by both parties pits the Plaintiff's word against that of his pod-mate, Defendant Neal, and those who created the logs and rosters. Additionally, it does not automatically follow that, if Defendant Neal was not on duty, he was not present at the jail to commit a battery on a particularly disliked prisoner. Drawing all reasonable inferences in favor of Plaintiff, the Court finds that a genuine issue of material fact exists as to whether Defendant Neal was present at the jail and committed the alleged battery on Plaintiff at the time in question; thus, summary judgment on this basis is simply inappropriate.

## B.    Insufficient Proof of Duty and Breach

Defendant Neal further argues that summary judgment in his favor on the negligence "claim" is appropriate because, though the title of the negligence count names Defendant Neal, its content fails to allege any duty or breach of that duty by Defendant Neal; thus, Plaintiff failed to plead any negligence claim against Defendant Neal. This argument misunderstands the nature of a

"claim." As explained by the Seventh Circuit in *NAACP v. American Family Mutual Insurance Company*:

> Identifying legal theories [in the complaint] may assist defendants and the court in seeing how the plaintiff hopes to prevail, but this organization does not track the idea of "claim for relief" in the federal rules. Putting each legal theory in a separate count is a throwback to code pleading . . . [in which] legal theory and facts together created a "cause of action." The [Federal] Rules of Civil Procedure divorced factual from legal aspects of the claim and replaced "cause of action" with "claim for relief" to signify the difference. . . . One set of facts producing one injury creates one claim for relief, no matter how many laws the deeds violate.

978 F.2d 287, 292 (7th Cir. 1992). In the Complaint, only a single set of facts producing one injury is alleged against Defendant Neal and, as stated above, that claim, as alleged under the three other legal theories, survives this Motion for Summary Judgment.

However, Defendant Neal is correct that, though the negligence count includes Defendant Neal in its title, it ignores him in the body of its discussion of the nexus between the facts and Plaintiff's legal theory of recovery—despite very clearly detailing both the duty owed and how it was breached by the other defendants in this action. Plaintiff did not respond to Defendant Neal's argument regarding the negligence count, but he does reference "all four . . . claims" alleged against Defendant Neal. *See* Pl.'s Resp. at 1.

It is the plaintiff's burden to prove the four elements of common-law negligence: 1) that the defendant owed a duty of care to the plaintiff, 2) that the duty was breached by some act or omission, and 3) that the act or omission proximately caused 4) some injury to the plaintiff that is compensable by damages. *Hersh v. E-T Enterprises, Ltd. P'ship*, 752 S.E.2d 336, 341 (W. Va. 2013). In the context of this Motion for Summary Judgment, the Court takes Defendant Neal's challenge to be that Plaintiff's evidence in support of duty and breach is insufficient. The West Virginia Supreme Court of Appeals describes the test for duty as follows:

> The ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if it is not exercised. The test is, would the ordinary man in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?

*Sewell v. Gregory*, 371 S.E.2d 82, syl. pt. 3 (W. Va. 1988). Plaintiff has submitted evidence that Defendant Neal repeatedly struck Plaintiff's torso with his elbow, ultimately causing severe pain and physical damage. *See* Pl.'s Ex. B. An ordinary man would anticipate such harm based upon such action. Thus, Defendant Neal clearly owed a duty to Plaintiff not to physically strike him, and Plaintiff has sufficiently alleged that he breached that duty in doing so. Summary judgment regarding the negligence count is therefore inappropriate.

### IV.     Conclusion

For the reasons explained above, Defendant Neal's Motion for Summary Judgment, ECF No. 55, is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:        June 10, 2014

ROBERT C. CHAMBERS, CHIEF JUDGE