IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CHARLES P. COCHRAN, JR.,
an individual,

               Plaintiff,

v.                                     CIVIL ACTION NO.   3:13-10176

WEST VIRGINIA REGIONAL JAIL AND
CORRECTIONAL FACILITY AUTHORITY,
an agency of the State of West Virginia and
CORRECTIONAL OFFICER NEAL,
individually and in his official capacity as a
correctional officer at Western Regional Jail,

               Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending are the remainder of the Motion for Summary Judgment, ECF No. 53, of Defendant West Virginia Regional Jail and Correctional Facility Authority ("WVRJCFA") and the WVRJCFA's Motion to Alter or Amend the Judgment of the Court, ECF No. 73.

In its July 2, 2014, Memorandum Opinion and Order, ECF No. 71, this Court held in abeyance its ruling on the WVRJCFA's motion for summary judgment regarding Plaintiff's negligent supervision claim under Count III. In that Order, the Court also specifically directed Plaintiff to provide at the pretrial conference in this case 1) specific legal arguments regarding whether and/or *precisely how* the WVRJCFA's supervision of its employees was either a) in violation of a clearly established statutory or constitutional right or a law of which a reasonable person would have known or b) otherwise fraudulent, malicious, or oppressive and 2) clarification

of the evidence in the record in support of those arguments. The pretrial conference was held on July 7, 2014.

Plaintiff has failed to provide sufficient evidence in support of his negligent supervision claim. As explained in the Court's July 2, 2014, Memorandum Opinion and Order, it is Plaintiff's burden to prove the four elements of common-law negligence: 1) that the defendant owed a duty of care to the plaintiff, 2) that the duty was breached by some act or omission, and 3) that the act or omission proximately caused 4) some injury to the plaintiff that is compensable by damages. *Hersh v. E-T Enters., Ltd. P'ship*, 752 S.E.2d 336, 341 (W. Va. 2013). At the pretrial conference, Plaintiff relied solely upon the expert report of Howard H. Painter, ECF No. 62-1, in support of his negligent supervision claim; however, that report fails to allege with any specificity sufficient facts regarding at least the second and third elements of this claim, such that no reasonable jury could return a verdict for Plaintiff regarding his negligent supervision claim. The Court therefore **GRANTS** the WVRJCFA's motion for summary judgment regarding Plaintiff's negligent supervision claim under Count III. Accordingly, this claim is hereby **DISMISSED** against the WVRJCFA.

In the instant Motion to Alter or Amend the Judgment of the Court, the WVRJCFA argues that this Court should amend its July 2, 2014, Memorandum Opinion and Order, pursuant to Federal Rule of Civil Procedure 59(e), to grant summary judgment regarding Plaintiff's premises liability claim (Count IV), despite that grounds for summary judgment on the premises liability claim were not directly argued in the WVRJCFA's Motion for Summary Judgment, because the premises liability claim is based wholly upon negligence, about which the WVRJCFA did argue grounds for summary judgment. Plaintiff was given an opportunity to respond to the instant

Motion to Alter or Amend the Judgment of the Court at the pretrial conference, and he stated that he had no evidence supporting his premises claim beyond that already included in his Response, ECF No. 62, to the Motion for Summary Judgment.

Count IV alleges that the WVRJCFA had a duty to Plaintiff as the owner and/or operator of the Western Regional Jail to competently, properly, and safely operate and maintain the premises in a manner which complied with all industry, state, and federal customs, regulations, statutes, and standards and that the WVRJCFA breached that duty by negligently failing to ensure that the premises so complied. Compl. ¶¶ 51-52, ECF No. 1. Plaintiff presents insufficient evidence in support of his premises liability claim, such that no reasonable jury could return a verdict in his favor regarding this claim. Therefore, Plaintiff's premises liability claim is hereby **DISMISSED**.

Accordingly, the Court **GRANTS** the WVRJCFA's Motion to Alter or Amend the Judgment of the Court and hereby **AMENDS** its July 2, 2014, Memorandum Opinion and Order, ECF No. 71, to incorporate this Memorandum Opinion and Order, including the dismissal of Plaintiff's premises liability claim. Because the Court has also dismissed Plaintiff's negligent supervision claim, all claims against the WVRJCFA have now been dismissed. As a result, the WVRJCFA is **DISMISSED** as a defendant in this action.[1]

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: July 8, 2014

ROBERT C. CHAMBERS, CHIEF JUDGE

---

[1] Given the insufficient evidence in support of both the negligent supervision claim and the premises liability claim, the Court need not rule upon whether qualified immunity would also mandate the dismissal of these claims.